# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

  v.                                    Case No. 16-CR-110

GEFFREY A. SAWTELLE,

    Defendant.

## ORDER ON DEFENDANT'S MOTIONS FOR PRODUCTION OF GRAND JURY INSTRUCTIONS, FOR NOTICE OF CERTAIN EVIDENCE, AND FOR EARLY DISCLOSURE OF SUMMARY EVIDENCE

Geffrey A. Sawtelle is charged in a 38-count indictment with 21 counts of bank fraud, in violation of 18 U.S.C. § 1344; three counts of theft, embezzlement, and misapplication by bank officer, in violation of 18 U.S.C. § 656; one count of obstruction of examination, in violation of 18 U.S.C. § 1517; one count of making a false statement, in violation of 18 U.S.C. § 1001; and 12 counts of money laundering, in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i) and 2. (Docket # 16.) Here, I address Sawtelle's motions for the production of grand jury instructions; for notice of certain evidence; and for early disclosure of summary evidence.

*1. Motion for Production of Grand Jury Instructions*

Sawtelle filed a motion for the production of "any and all legal instructions given by the prosecutor to the grand jury that returned the indictment and the superseding indictment" against him. (Docket # 21 at 1.)

Grand jury proceedings are presumptively secret. However, Federal Rule of Criminal Procedure 6(e)(3)(E) authorizes a court to order the disclosure of grand jury matters and provides, in part:

> (E) the court may authorize disclosure—at a time, in a manner, and subject to any other conditions that it directs—of a grand jury matter:
>
> > (i) preliminarily to or in connection with a judicial proceeding;
> >
> > (ii) at the request of a defendant who shows that a ground may exists to dismiss the indictment because of a matter that occurred before the grand jury.

The defendant seeking the disclosure bears the burden of showing that disclosure of grand jury materials is appropriate under Rule 6(e)(3)(E) and must show that he has a "compelling necessity" or "a particularized need." *United States v. Lisinski*, 728 F.2d 887, 893 (7th Cir. 1984) (internal quotation marks omitted) (quoting *Matter of Grand Jury Proceedings, Miller Brewing Co.*, 687 F.2d 1079, 1088 (7th Cir. 1982)). Indeed, a defendant "must demonstrate more than relevance; he must show necessity to prevent injustice." *Hernly v. United States*, 832 F.2d 980, 983 (7th Cir. 1987) (citing *United States v. Procter & Gamble*, 356 U.S. 677, 682 (1958)).

Here, Sawtelle has premised his request on his allegation that the indictment is insufficient. He argues that "[t]hese deficiencies [in the indictment] . . . raise questions about whether the grand jury was properly instructed as to these offenses in the first instance." (Docket # 21 at 2.) But Sawtelle's underlying arguments about the insufficiency of the indictment do not carry the force he submits they do. That is, the indictment is sufficiently pled, save for Count Twenty-Four. This undermines Sawtelle's arguments that the

insufficiencies in the indictment raise questions about the propriety of the instructions given to the grand jury.

Even if the indictment was insufficient in its entirety, Sawtelle has not presented a "compelling need" nor has he presented "more than speculation that the government misinstructed the jury . . . ." *United States v. Buske*, 2010 WL 3023364, *3 (E.D. Wis. Jul. 29, 2010) (internal citations omitted). An insufficient indictment alone should not permit the disclosure of grand jury instructions. Such a rule would allow the disclosure of grand jury instructions any time a count in an indictment is insufficient, and that would undermine the secrecy upon which the functioning of the grand jury depends.

Sawtelle's motion for the production of grand jury instructions is therefore denied.

2. *Motion for Notice of Certain Evidence*

Sawtelle has moved for an order requiring the government to give notice of certain evidence, specifically: a written summary of any expert witnesses' opinions, the bases and reasons for these opinions, and the witnesses' qualifications, as required by Fed. R. Crim. P. 16(a)(1)(G); and any uncharged misconduct evidence that the government intends to use, as required by Fed. R. Evid. 404(b). (Docket # 22 at 1.) The government responded that it is following the open file policy and that Sawtelle was therefore required to conduct a discovery conference before bringing any discovery motions.

Neither Fed. R. Crim. P 16(a)(1)(G) nor Fed. R. Evid. 404(b) require the defendant file a motion. A request to the government for the information is enough to trigger the government's obligation to disclose the information. Sawtelle, however, asks for a specific timeframe: 30 days before trial, and the government does not argue that this request is

3

Case 2:16-cr-00110-JPS-NJ    Filed 10/31/16    Page 3 of 5    Document 29

unreasonable. I will therefore grant Sawtelle's motion and order the government to provide the requested information no later than 30 days before trial.

3. *Motion for Early Disclosure of Summary Evidence*

Finally, Sawtelle has moved for the government to be ordered to provide summary evidence within 30 days of trial. The government is required by Fed. R. Evid. 1006 to provide summary evidence it intends to use "at a reasonable time and place." Again, the government does not argue that this request is unreasonable or burdensome. I will grant Sawtelle's request that the summary evidence, like the expert witness and Rule 404(b) evidence, be produced no later than 30 days before trial.

**NOW, THEREFORE, IT IS ORDERED** that the defendant's motion for the disclosure of grand jury instructions (Docket # 21) is **DENIED**.

**IT IS FURTHER ORDERED** Sawtelle's motion for disclosure of certain evidence no later than 30 days before trial (Docket # 22) and motion to disclose summary evidence no later than 30 days before trial (Docket # 23) are **GRANTED**.

Your attention is directed to General L.R. 72(c), 28 U.S.C. § 636(b)(1)(B) and Federal Rules of Criminal Procedure 59(b), or Federal Rules of Civil Procedure 72(b) if applicable, whereby written objections to any recommendation or order herein, or part thereof, may be filed within fourteen days of the date of service of this recommendation or order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of a party's right to appeal. If no response or reply will be filed, please notify the Court in writing.

Dated at Milwaukee, Wisconsin this 31st day of October, 2016.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge